(36 South. 925.)

No. 15,033.

SHREVEPORT & R. R. V. RY. CO. et al. v. WILLIAMS.

(May 23, 1904.)

APPEAL—REDUCTION OF JUDGMENT—CONSENT.

1. An expropriation suit by a railroad corporation. The amount awarded to defendant by the jury, and the judgment appealed from, is reduced by consent.

(Syllabus by the Court.)

Appeal from Twenty-Fourth Judicial District Court, Parish of West Feliciana; Charles Kilbourne, Judge.

Action by the Shreveport & Red River Valley Railway Company and the Louisiana Railway & Navigation Company against H. M. Williams. From the judgment, plaintiffs appeal. Reduced by consent.

Samuel McC. Laurason, for appellants. Joseph L. Golson, for appellee.

### Statement of the Case.

NICHOLLS, J. This action was instituted by the Shreveport & Red River Valley Railway Company, seeking the expropriation of certain property belonging to the defendant, which it described in its petition for a right of way to said company. Petitioner prayed that a jury of freeholders be drawn and summoned according to law, to attend and to determine the value of the property sought to be expropriated. The jury was drawn as prayed for.

The defendant answered, pleading, first, the general issue. It then averred that the property sought to be expropriated was fully worth the sum of $100 per acre, and that, besides the land sought to be expropriated, 75 acres of his land would be practically worthless by reason of the construction of plaintiffs' road. He prayed that he be awarded $100 per acre for the land sued for, and the further sum of $2,500 damages to the remainder of his land.

Before the case went to trial the Louisiana Railway & Navigation Company filed a petition in the suit, in which it averred that it had, as per act annexed thereto, become the owner and transferee of the railroad and railroads, and branches and extensions, with all the appurtenances, subsidies, property rights, franchises, privileges, and exemptions thereto belonging, and all the

stock of the plaintiff company, and that as such transferee it was building the railroad from the city of Shreveport to the city of New Orleans, begun and partly constructed and operated by the plaintiff. It prayed for leave to file its petition and that it be substituted as a party plaintiff in lieu and stead of the plaintiff, and that in due course the property sought to be expropriated, constituting the right of way of said railroad, be adjudged to it in full ownership, as necessary for the purpose of said railroad and for the general and public use and utility, as well as for the private interest of petitioner upon payment for all such damages as defendant might sustain in consequence of the expropriation of his property for such public work. The Louisiana Railway & Navigation Company was accordingly, upon its prayer, ordered by the court to be substituted as party plaintiff in the suit.

Upon the trial of the case, after evidence adduced, the jury rendered a verdict to the effect that it found it necessary to expropriate the land sought, and adjudged the land to be worth $100 per acre, or $1,365, and that the damage to the adjacent land of the defendant was $420.

The district court rendered judgment in favor of the plaintiff, adjudging and decreeing a right of way or strip of land, 200 feet wide for the full length thereof, over and across the land of defendant H. M. Williams in the parish of West Feliciana, near the town of Bayou Sara, La., bounded on the north and west by the right of way of the Yazoo & Mississippi Railway Company, south by the Mississippi river, and east by lands of Pennywit; said right of way beginning at a point on the eastern boundary of said property, where it joins the lands of Mrs. Lucille Pennywit, and running across said property to the western boundary thereof, where it joins the lands of the Yazoo & Mississippi Valley Railway Company, and as now located and staked off, and containing 13.65 acres, be expropriated, and is hereby adjudged, to the Louisiana Railway & Navigation Company in full ownership, as necessary for the purposes of its railroad, and for the general and public use as well as for the private use and benefit of said company upon the payment of said sum of $1,785 to the said H. M. Williams.

It further ordered that the taxed costs of expropriation be paid by plaintiff.

The plaintiff appealed.

The following motion was filed in the Supreme Court by the Louisiana Railway & Navigation Company:

"On motion of S. McC. Laurason, attorney for the Louisiana Railway & Navigation Company, plaintiff and appellant, on suggesting to the court that this cause has been compromised, and considering the written consent of defendant and appellee H. M. Williams, through his counsel, Jas. L. Golson, Esq., filed herewith, it is ordered that the judgment appealed from be amended, by reducing it to the sum of $1,500, and, as reduced, that it be affirmed; costs of the lower court and of the appeal to be paid by plaintiff."

Accompanying this motion was the following written consent of the defendant:

"This cause having been compromised, H. M. Williams, defendant and appellee herein, through his counsel, Jas. L. Golson, consents that the judgment appealed from be amended by reducing same to the sum of $1,500, and, as amended, that it be affirmed, at cost of plaintiff."

### Judgment.

By reason of the verdict, the law, and the evidence being in favor of the plaintiff and against the defendant, and by reason of the consent and agreement of the parties to this litigation, it is hereby ordered, adjudged, and decreed that the judgment herein appealed from be, and the same is hereby, amended by reducing the sum adjudged and decreed to the sum of $1,500, and, as so amended, it is hereby affirmed; costs of both courts to be paid by the plaintiff.